UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00161-CJC(JPRx)                                    Date: February 8, 2013

Title: EDGARD O. AGOSTO V. WAL-MART STORES, INC., ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>                                            <u>     N/A     </u>
Deputy Clerk                                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

     Plaintiff Edgard O. Agosto ("Plaintiff") filed this action in Orange County Superior Court on December 21, 2012. (Dkt. No. 1 [Notice of Removal] Corcetti Decl. Exh. A [Compl.].) Plaintiff, a former employee of Defendant Wal-Mart Stores, Inc. ("Defendant"), alleges five causes of action relating to disability discrimination, wrongful termination, retaliation, and intentional infliction of emotional distress. *Id.* On January 31, 2013, Defendant removed the action to this court on the basis of diversity jurisdiction. Defendant contends that the parties are citizens of different states and the amount in controversy exceeds $75,000.

     Whether subject matter jurisdiction exists may be raised by the Court sua sponte at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00161-CJC(JPRx)            Date: February 8, 2013
                                                                                                       Page 2

must be rejected if there is any doubt as to the right of removal in the first instance."). Where the complaint does not specify the amount in controversy, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). If it is not "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "the court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal quotations and citation omitted).

       It does not appear to the Court that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. The Complaint reveals only that the amount in controversy exceeds $25,000, (Compl. ¶ 2), and Defendant's calculations that the amount in fact exceeds $75,000 are not compelling. In determining that Plaintiff has lost wages and potential future lost wages of at least $60,352.00, Defendant calculates that Plaintiff earned $9.20 per hour and worked 40 hours per week. But the only evidence Defendant provides in support of this assertion is the declaration of one of Defendant's own attorneys, which states that "[u]pon information and belief, as of December 3, 2012, Plaintiff earned approximately $9.20 per hour. He was working as a full-time employee." (Corcetti Decl. ¶ 7.) Defendant does not offer the source of this information, explain how defense counsel has personal knowledge of those facts, or provide any other evidence to support its assumptions that the remaining monetary amounts sought, such as those for pain and suffering and punitive damages, will likely cumulatively exceed $75,000.

       The Court therefore orders Defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction. Defendant shall file an opposition to the Court's order to show case by **February 19, 2013.** Plaintiff shall have until **February 26, 2013** to file a response. This matter will be decided on the papers without any hearing.

jmc

MINUTES FORM 11
CIVIL-GEN                                                                                                    Initials of Deputy Clerk MU